# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KHALID ANDREW STEVENS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00368 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| C/O SNEAD, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Khalid Andrew Stevens, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that a correctional officer denied him breakfast on December 15, 2018, and that other defendants failed to correct the correctional officer's "misconduct" after Stevens filed grievances concerning the missed breakfast. Stevens does not allege that he was denied any other meals that day or on any other day. The court finds that Stevens' allegations fail to rise to the level of a constitutional claim and, therefore, dismisses his complaint without prejudice.

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, prohibits "cruel and unusual punishment" of those convicted of crimes. Wilson v. Seiter, 501 U.S. 294 (1991) (citing Robinson v. California, 370 U.S. 660, 666 (1962)). In Wilson, the Court identified two elements necessary to support an Eighth Amendment claim challenging prison conditions: first, an objective element, i.e., whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and second, a subjective element, i.e., whether the officials acted with a sufficiently culpable state of mind. Id. To meet the objective element, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the

conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Allegations of inadequate prison food service may be sufficient to state a cognizable claim under § 1983 if the deprivation is serious. Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978) (prisoner's allegation of failure to provide adequate sanitary food service facilities states a cognizable claim); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding that inmates are entitled to receive nutritionally adequate food). Failure to meet an inmate's basic nutritional needs is cruel and unusual punishment because the inmate relies on prison officials to provide food; if the officials fail to do so, the inmate's basic nutritional needs will not be met. Cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Under some circumstances, therefore, inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim. However, occasional, short-lived problems with prison food service and isolated instances of inmates missing a meal or two do not implicate the Eighth Amendment. See Brown v. Mathena, No. 7:10cv192, 2010 U.S. Dist. LEXIS 47641, 2010 WL 1965105 (W.D. Va. May 14, 2010) (finding that denial of one meal did not rise to the level of a constitutional violation); Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D. Va. 1992) (finding that inmate's missing one meal as isolated event did not state Eighth Amendment violation).

Inasmuch as Stevens only alleges that he was denied one meal on one day, the court finds that he has failed to allege a sufficiently serious deprivation giving rise to a constitutional claim. Moreover, Stevens has not sufficiently alleged a "serious medical and emotional deterioration attributable to" being denied breakfast on December 15, 2018. See Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (quoting Shrader v. White, 761 F.2d 975, 979 (4th Cir. 1985)).

Accordingly, the court finds that Stevens' allegation of being denied one meal fails to state a claim under the Eighth Amendment. Finally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and inmates do not have a constitutionally protected right to participate in the grievance procedure, see, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, the defendants are not liable under § 1983 for their responses to the grievances or appeals. See Brown v. Va. Dep't Corr., No. 6:07cv33, 2015 U.S. Dist. LEXIS 12227, at *8, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); see also Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation).

For these reasons, Stevens' complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The court notes that this dismissal is without prejudice to Stevens' opportunity to refile his claims in a separate civil action.

**ENTER**: This 22nd day of October, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge